# 2000 DTA 162

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**

MIRIAM TORRES COLON, Y JOSE REYES ALICEA, POR SI Y EN REPRESENTACION DE LA SOCIEDAD DE GANANCIALES POR ELLOS COMPUESTA
Apelantes

v.

KRESS STORES OF PUERTO RICO, INC., *ET. ALS.*
Apelados

Núm. KLAN-99-01369

San Juan, Puerto Rico, a 20 de junio del 2000

Panel integrado por su Presidenta, la Juez Pesante Martínez
y los Jueces Colón Birriel y Soler Aquino

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Miriam Torres Colón (en adelante la *"apelante"),* recurre de la *"Sentencia Sumaria"* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 9 de noviembre de 1999, archivada en los autos copia de su notificación el 18 de noviembre de ese año. El dictamen declaró *"Con Lugar"* la *"Moción de Sentencia Sumaria"* presentada por Kress Stores of Puerto Rico, Inc., *et. als.* (en adelante los *"apelados"),* determinando que la Sección 203 (q) de la Ley de Beneficio por Incapacidad Temporal (en adelante *"SINOT"),* 11 L.P.R.A. Sec. 203 (q), no era de aplicación a la reclamación de la apelante. Por otro lado, respecto a que el despido de la apelante fue injustificado, y que los apelados pagaron a ésta la mesada correspondiente, no existía controversia de hecho alguno que resolver, por lo que procedía dictar sentencia sumaria, como en efecto se dictó.

### II

La apelante comenzó a trabajar en mayo de 1996 para la apelada, en su tienda *"Kress Kids"* de Guayama. El 25 de junio de 1997, le notificó a la gerente de la referida tienda, Judith Cintrón, que ese día había acudido al Dr. Roque Nido por razón de fuertes dolores en su vientre, quien le indicó que había que operarla de emergencia por cierto padecimiento en la vesícula. El 27 de junio de 1997, fue operada y dada de alta. Durante el mes de julio de 1997, se acogió a los beneficios que provee la Ley de Beneficios por Incapacidad Temporal, 11 L.P.R.A. sec. 201 *et. seq.,* todo ello requerido por órdenes médicas para su convalecencia.

El 1ro. de agosto de 1997, se reintegró a su trabajo totalmente restablecida. Trabajó con regularidad hasta el 8 de agosto de ese año, fecha en que fue despedida. No recibió amonestación alguna previa a su despido, por haberse acogido a los beneficios por incapacidad; tampoco la recibió, luego de su reinstalación a sus labores.

Así las cosas, el 10 de agosto de 1998, presentó ante el foro recurrido una demanda contra la apelada, por despido en violación a la Ley de Beneficios por Incapacidad. Alegó, entre otras cosas, que su despido constituía una violación de modo constructivo a las protecciones de esa ley. Es decir, que la apelada le reservó su empleo, mas como represalia, la despidió sin razón alguna, injustificadamente, a los siete (7) días de haberse reintegrado a sus labores. De esa forma, alegó la apelante que la apelada obvió la protección de la ley y sus penalidades.

Por su parte, la apelada contestó la demanda, aceptando algunas de las alegaciones y negando otras. Posteriormente, presentó una *"Moción de Sentencia Sumaria"*. Aceptó para efectos del litigio que el despido de la apelante había sido uno injustificado; le envió la suma de $950.00 a la apelante, alegando que una vez realizado el pago de la mesada, cumpliendo así con las disposiciones de la Ley Núm. 80 del 30 de mayo de 1976, procedía dictar sentencia sumariamente.

Por otro lado, la apelante presentó *"Oposición a Sentencia Sumaria y Solicitud de Sentencia Parcial"*. Solicitó, básicamente, que toda vez que el apelado había aceptado y reconocido que su despido ʹera uno injustificado, procedía que se dictara sentencia sumaria parcial declarando su despido uno injustificado, Solicitó, además, que se declarara No Ha Lugar la solicitud de sentencia sumaria de la apelada, en vista de que ésta reconoció que el despido fue uno injustificado y estaba utilizando la Ley Núm. 80, *supra*, como subterfugio para que no le aplicaran las extensas sanciones que proceden bajo SINOT.

La apelada, a su vez, presentó, *"Oposición a la Oposición a Sentencia Sumaria y Solicitud de Sentencia Parcial"*. Alegó, entre otras cosas, que el derecho citado por la apelante en apoyo a su oposición a la sentencia sumaria, fue citado fuera de contexto. No mencionó nada sobre la extensión de la protección de la retención de empleo más allá del momento en que el empleado se haya integrado a sus labores. En adición, que había que tomar en consideración que la apelante se reintegró totalmente restablecida de su incapacidad a su trabajo siendo despedida una semana después.

Así las cosas, el 9 de noviembre de 1999, el foro recurrido dictó la sentencia recurrida. Dictaminó que habiendo la apelada pagado la mesada, no era de aplicación SINOT. Inconforme, la apelante le imputa al foro recurrido haber errado: a) al dictar sentencia sumaria, y b) al determinar la no aplicabilidad de SINOT. Por estar relacionados ambos errores, los discutiremos en conjunto.

## III

Antes de discutir los errores, señalamos que la controversia principal en el caso ante nuestra consideración, gira alrededor de la aplicación de dos leyes diferentes. Veámoslas por separado.

La primera es la Ley Núm. 139 de 26 de junio de 1968, mejor conocida como *"Ley de Beneficio por Incapacidad Temporal"*. Esta tiene como propósito, el indemnizar a los trabajadores por la pérdida de salarios resultante de incapacidad, debido a enfermedades o accidentes no relacionados con el empleo. Además, le permite al empleado mantener su plaza de empleo mientras convalece de su enfermedad o incapacidad hasta un período máximo de un (1) año. A estos efectos, la Ley Núm. 139, *supra*, señala que:

*"En los casos de incapacidad para el trabajo, de acuerdo con las disposiciones de este Capítulo, el patrono vendrá obligado a reservar el empleo que desempeña el trabajador al momento de comenzar la incapacidad y a reinstalarlo en el mismo, sujeto a las siguientes condiciones:*

*(1) Que el trabajador requiera al patrono que lo reponga en su empleo dentro del término de quince (15) días, contados a partir de la fecha en que fuere dado de alta, y siempre y cuando que dicho requerimiento no se haga después de transcurrido un (1) año desde la fecha de comienzo de la incapacidad;*

*(2) que el trabajador esté mental y físicamente capacitado para ocupar dicho empleo en el momento en que solicite del patrono dicha reposición; y*

*(3) que dicho empleo subsista al momento en que el trabajador solicite su reposición. Se entenderá que el empleo subsiste cuando el mismo esté vacante o lo ocupe otro trabajador. Se presumirá que el empleo estaba vacante cuando el mismo fuere cubierto por otro trabajador dentro de los treinta (30) días siguientes a la fecha en que se hizo el requerimiento de reposición."*

Si el patrono no cumpliera con las disposiciones de este inciso, vendrá obligado a pagar al trabajador, o a sus beneficiarios, los salarios que dicho trabajador hubiere devengado de haber sido reinstalado; además le responderá de todos los daños y perjuicios que le haya ocasionado. El trabajador o sus beneficiarios podrán instar y tramitar la correspondiente reclamación de reinstalación y/o daños en corte por acción ordinaria o mediante el procedimiento para reclamación de salarios, establecido en las secs. 3118 a 3132 del Título 32, 11 L.P.R.A. sec. 203(q).

La otra ley es la Núm. 80 de 30 de mayo de 1976, mejor conocida como *"Ley de Despido Injustificado"*. Esta, a diferencia de la ley anterior, tiene el propósito de permitir a un patrono despedir, por justa causa o causa injustificada, a un empleado contratado sin tiempo determinado, mientras que este último, podrá, a su vez, exigir una mesada dependiendo del tiempo que haya trabajado. Acorde con lo anterior, la Ley 80, *supra*, establece que:

*"Todo empleado de comercio, industria o cualquier otro negocio o sitio de empleo, designado en lo sucesivo como el establecimiento, donde trabaja mediante remuneración de alguna clase contratado sin tiempo determinado, que fuere despedido de su cargo sin que haya mediado una justa causa, tendrá derecho a recibir de su patrono, en adición al sueldo que hubiere devengado:*

*(a) El sueldo correspondiente a un mes por concepto de indemnización, si el despido ocurre dentro de los primeros cinco (5) años de servicio; el sueldo correspondiente a dos (2) meses, si el despido ocurre luego de los cinco (5) años hasta los quince (15) años de servicio; el sueldo correspondiente a tres (3) meses, si el despido ocurre luego de los quince (15) años de servicio;*

*(b) una indemnización progresiva adicional equivalente a una semana por cada año de servicio ... 29 L.P.R.A. sec. 185 et. seq."*

A estos efectos, la jurisprudencia ha sido bien clara cuando señala que *"como regla general, a un obrero o trabajador contratado sin tiempo determinado se le puede despedir por justa causa, sin causa o por causa injustificada y que bajo estas circunstancias el único derecho que le asiste es el provisto por la Ley Núm. 80 de 30 de mayo de 1976". Arroyo v. Rattan Specialties, Inc., 117 D.P.R. 35, 65 (1986); Porto y Siurano v. Bentley Puerto Rico, Inc., 132 D.P.R. 331, 342 (1992)."*

Expuesto el derecho aplicable, apliquémoslo a los hechos expuestos. Veamos.

La apelante fue sometida a una intervención quirúrgica el 27 de junio de 1997, mientras trabajaba con la apelada, por lo que tuvo que acogerse a los beneficios de la Ley Núm. 139, *supra*. Una vez concluido su tratamiento médico y restablecida por completo, se reintegró a su trabajo con la apelada el 1ro de agosto de 1997. De ese día en adelante, la apelante dejó de tener derecho a los beneficios de la Ley Núm. 139, *supra*, por razón, como mencionamos anteriormente, que dicha ley tiene como único propósito reservar el puesto del empleado mientras dure su enfermedad o incapacidad hasta un período máximo de un (1) año. O sea, cuando la apelante fue despedida por causa injustificada, y así lo admitió la parte apelada en su escrito, solamente tenía disponible como único remedio en derecho, lo establecido en la Ley de Despido Injustificado, *supra*. Conforme a ello, *"[e]l remedio que tiene el ex-empleado es una indemnización equivalente a un mes de sueldo, más una semana de compensación por cada año de servicio con el patrono ... La compensación provista por la ley es el remedio exclusivo en casos de despido injustificado". Vélez Rodríguez v. Pueblo International, Inc.,* Op. de 18 de marzo de 1994, **94 J.T.S. 37,** a la pág. 11689.

Cabe señalar que si bien es cierto que la protección del empleo que establece la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como *"Ley de Compensaciones por Accidentes del Trabajo"*, se ha extendido, como arguye la apelante, a otras leyes como a la Ley Núm. 139, *supra*, no es menos cierto que *"[s]e trata de dos estatutos con un ámbito de aplicabilidad distinto. Puede ocurrir, por tanto, que un empleado que se acoja a los beneficios del Fondo del Seguro de Estado y que posteriormente se reinstale a su trabajo, sea cesanteado injustificadamente. En los casos apropiados, podría ser acreedor a la mesada contemplada en la Ley 80, aun cuando previamente estuviera acogido a los beneficios del Fondo del Seguro de Estado"*. *Segarra Hernández v. Royal. Bank de Puerto Rico*, Op. de 1 de abril de 1998, **98 J.T.S. 37,** a la pág. 748.

Conforme a lo anterior, la apelante no puede argumentar que una vez restablecida y reincorporada a sus labores, luego de acogerse a los beneficios de la Ley Núm. 139, *supra*, el patrono se vea obligado a mantenerle en su empleo, máxime cuando no surge de autos que hubiese un contrato de empleo por un período determinado. Además, *"no hay ley alguna que le exija al patrono, que al despedir al empleado lo haga en una forma determinada, ni por escrito ni con un aviso previo. Tampoco nuestra legislación obliga. al patrono a informarle al trabajador en el momento del despido, ni luego de ello, las razones que tuvo para despedirlo, excepto para defenderse de una acción judicial. Santiago v. Kodak Caribbean, Ltd., 129 D.P.R. 763, 775 (1992)."* Resolver lo contrario, sería trastocar el derecho reconocido por nuestro ordenamiento jurídico que tiene el patrono de emplear a su voluntad.

En mérito a lo expuesto, determinamos que los errores señalados no se cometieron, por lo que la sentencia apelada será confirmada.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General